**IMG-121**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4260
_____

KAROLYN SHECKELLS,
                                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A44-501-894)
Immigration Judge:  Honorable Alberto Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2010
Before:  MCKEE, Chief Judge, HARDIMAN AND COWEN, Circuit Judges

(Opinion filed: June 11, 2010)
_____

OPINION
_____

PER CURIAM

    Karolyn Sheckells, a citizen of Jamaica, petitions for review of a decision by the

Board of Immigration Appeals ("BIA") denying her request for deferral of removal under

the Convention Against Torture ("CAT").  For the reasons that follow, we will deny the

petition for review.

I

Sheckells came to the United States in 1994 as a lawful permanent resident. In 2000, she was convicted of selling crack cocaine. After visiting her mother in Jamaica in March 2003, Sheckells arrived at Newark International Airport and requested admission into the United States. On the same day, the Department of Homeland Security issued a notice to appear, charging Sheckells as inadmissible under INA §§ 212(a)(2)(A)(i)(II) and 212(a)(2)(C) [8 U.S.C. §§ 1182(a)(2)(A)(i)(II) and 1182(a)(2)(C)], based on her narcotics conviction.

Before the Immigration Judge ("IJ"), Sheckells sought deferral of removal under the CAT. She testified that her brother, who lived in the United States, killed another Jamaican in 1998.[1] As a result, members of the victim's family, both in Jamaica and the United States, seek revenge against her family. Sheckells testified that, during her March 2003 visit to Jamaica, she was kidnapped, robbed, and raped by three men. After assaulting Sheckells, the men threatened her and told her to leave Jamaica to ensure that authorities would not go after them. Sheckells described the men to a friend and, based on her description, the friend believed that one of the men was named "Edward" or "Mr. Edward," and that he was a cousin of the man Sheckells' brother killed.

---

[1] Sheckells produced no documentary evidence of the killing or her brother's conviction.

After the attack, Sheckells filed a report with the Jamaican police, who told her that they were aware of Mr. Edward and that he had prior problems with the law. The police began an investigation, but Sheckells cut her trip short and returned to the United States before police officers concluded their work. She stated that she made no effort to follow up with the police after returning to the United States. Nor did she present to the IJ any documentary evidence of her attack or the police investigation.

In her request for deferral of removal, Sheckells claimed that she feared that Mr. Edward and his relatives would torture, rape, and kill her if she were removed to Jamaica. The IJ denied relief, reasoning that Sheckells failed to demonstrate that she had faced or would likely face torture at the hands of the government or of private individuals acting with the government's acquiescence. The BIA agreed, and Sheckells filed a petition for review. The Government filed a motion to dismiss.

II

We will first address the motion to dismiss. The Government argues that INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)] precludes us from exercising jurisdiction over the petition for review. Section 242(a)(2)(C) withdraws appellate jurisdiction over final orders of removal where the petitioner has been convicted of certain crimes, including drug offenses such as distribution. That provision clearly implicates Sheckells' drug conviction. However, INA § 242(a)(2)(D) expressly preserves judicial review over questions of law, including "issues of application of law to fact, where the facts are

3

undisputed and not the subject of challenge." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005) (internal citations and quotation marks omitted). Sheckells does not contest any of the Agency's factual determinations. Rather, as discussed below, she contends that the IJ and BIA incorrectly applied the law governing CAT relief to the undisputed facts of her case. As such, the motion to dismiss lacks merit, and we will deny it.

III

Because the BIA issued its own opinion, we review its decision rather than that of the IJ. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we also look to the decision of the IJ to the extent that the BIA defers to or adopts the IJ's reasoning. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). We review the Agency's legal conclusions de novo, subject to established principles of deference. See Smriko v. Ashcroft, 387 F.3d 279, 282 (3d Cir. 2004).

To qualify for deferral of removal under the CAT, an applicant must satisfy the same requirements as an applicant for withholding of removal under the CAT. See 8 C.F.R. § 208.17(a). That is, the applicant must demonstrate that it is more likely than not that she would be tortured if removed to the proposed country of removal. See Kamara 420 F.3d at 212-13; 8 C.F.R. § 208.16(c)(2). For an act to constitute torture, it must be, inter alia, committed "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

4

"For purposes of CAT claims, acquiescence to torture requires only that government officials remain willfully blind to torturous conduct and breach their legal responsibility to prevent it." Silva-Rengifo v. Att'y Gen., 473 F.3d 58, 70 (3d Cir. 2007).

In denying relief, the IJ held – and the BIA agreed – that Sheckells failed to meet her evidentiary burden. Specifically, the IJ noted that Sheckells provided no evidence: (1) of the killing or her brother's conviction; (2) of her alleged attacker's existence; (3) that she was actually attacked; or (4) that the Jamaican government in any way authorized, supported, or acquiesced in any revenge attacks by Mr. Edward and his relatives against Sheckells or her family. Given the dearth of evidence presented in support of her request for relief, the IJ concluded that Sheckells failed to demonstrate that it was more likely than not that she would be tortured if removed to Jamaica. We agree.

In her petition, Sheckells argues that she satisfied her burden because although the Jamaican government is not "in cahoots" with her attackers, the vendetta against her family is being carried out by individuals the government is unable to control, thus satisfying the CAT standard. This argument is unpersuasive, however. Even if we were to accept Sheckells' reasoning, we are not compelled to disagree, see Kamara, 420 F.3d at 211, with the IJ's conclusion that Sheckells simply failed to present sufficient evidence to sustain her burden of proof. Accordingly, we will deny the petition for review.

5